

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-2-2005

# USA v. Ripoll

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4076

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Ripoll" (2005). *2005 Decisions.* Paper 1522.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1522

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-4076
_____

UNITED STATES OF AMERICA

v.

LUZ RIPOLL,

<u>Appellant</u>

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 01-305-01)
District Judge: The Honorable J. Curtis Joyner, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 7, 2004

BEFORE: AMBRO and VAN ANTWERPEN, <u>Circuit Judges</u>,
and SHADUR, <u>District Judge</u>*

(Filed: February 2, 2005)

_____

OPINION

_____

_____

*Honorable Milton I. Shadur, United States District Judge for the Northern District of
Illinois, sitting by designation.

SHADUR, <u>District Judge</u>

Luz Ripoll ("Ripoll"), pursuant to a written plea agreement, pleaded guilty to the charge of possession with intent to distribute heroin in a protected zone in violation of 21 U.S.C. §860. She was sentenced to 100 months imprisonment, eight years of supervised release, a fine of $1,000 and a special assessment of $100. Ripoll now appeals that conviction and sentence.

Following a review of the record and relevant caselaw, Ripoll's appointed counsel Todd Henry has moved to withdraw pursuant to the well-known teaching of <u>Anders v. California</u>, 386 U.S. 738, 744 (1967):

> Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

In turn, this Circuit's Local Appellate Rule ("LAR") 109.2(a) implements the <u>Anders</u> command. With the briefs called for by that rule having been submitted,[1] we engage in a twofold inquiry (<u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001)):

> (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues.

Attorney Henry has fulfilled LAR 109.2(a)'s requirements. First his brief correctly

---

[1] Although Ripoll sought and was granted an extension of time within which to file a pro se brief as contemplated by the LAR, she has not submitted anything on her own behalf.

observes that United States v. Broce, 488 U.S. 563 (1989) limits the claims a defendant convicted pursuant to a plea of guilty may bring to those attacking (1) the jurisdiction of the court accepting the plea, (2) the validity of the plea as judged by applicable constitutional and statutory standards and (3) the legality of the sentence.  Next attorney Henry identifies these as Ripoll's only potential claims (in addition to setting out the relevant record excerpts in the appendix to the Brief):

> 1.  as to jurisdiction, the sufficiency of the indictment in setting forth all of the essential elements of the charged offense;

> 2.  as to the validity of the guilty plea, its compliance with the standards of Boykin v. Alabama, 395 U.S. 238 (1969) and Fed. R. Crim. P. 11; and

> 3.  as to the legality of the sentence, its conformity to 21 U.S.C. §860 and (assuming their applicability) to the United States Sentencing Guidelines.

Finally, the Anders brief considers those excerpts and the relevant caselaw and spells out why none of the potential claims has merit here.  We conclude that Henry has both "thoroughly scoured the record in search of appealable issues" and "explain[ed] why those issues are frivolous" (United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000), citing United States v. Tabb, 125 F.3d 583, 585 (7th Cir. 1997)).

Because counsel thus fulfilled his Anders obligations, our own review of the record is guided by the Anders brief itself (Youla, 241 F.3d at 301, approving the standard announced in United States v. Wagner, 103 F.3d 551, 553 (7th Cir. 1996)).  In

3

that respect, the only matter that calls for specific mention is the potential effect or lack of effect of the recent opinions of the United States Supreme Court in United States v. Booker, 543 U.S. __, 125 S.Ct. 738 (2005) which have expressly been declared applicable to cases (such as this one) currently on appeal (id. at 769).

On that score, Ripoll's factual acknowledgments in her guilty plea satisfy the constitutional requirement set out in Justice Stevens' majority opinion for the Court (requiring either a jury verdict or a defendant's admissions, rather than a judicial determination, on matters that would enhance the sentence beyond the Guidelines maximum). In this instance Ripoll's admissions conform both to that constitutional requirement and to the Guidelines, whose validity as advisory, rather than mandatory, has been upheld in Justice Breyer's majority opinion.

After independently reviewing the portions of the record to which the Anders brief refers, we therefore agree that there are no nonfrivolous issues for appeal. Accordingly, we GRANT counsel's motion to withdraw and AFFIRM Ripoll's conviction and sentence.